# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-0038

**DARLENE TURNER, ET AL.**

**VERSUS**

**DR. X, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 88067-B
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

William L. Goode
The Goode Law Firm
P. O. Box 3366
Lafayette, LA 70502-3366
(337) 234-0600
Counsel for: Defendant/Appellee
        Sera H. Russell , III

Margareta M. Lahme
Attorney at Law
800 Stevenson Street
Lafayette, LA 70501
(337) 234-5162
Counsel for: Intervenor/Appellant
        Judith Zoble Gardner

**SAUNDERS, Judge.**

Intervenor, Judith Gardner, appeals the judgment of the trial court awarding her $4,300.00 in attorney fees. We affirm as amended.

## FACTS

Darlene Turner contracted with intervenor, Judith Gardner, formerly of the Glenn Armentor Law Corporation, to represent her in a medical malpractice action. Ms. Gardner was subsequently disbarred and could not continue to represent Ms. Turner. Ms. Gardner referred Ms. Turner to Mr. Sera Russell. Mr. Russell handled the malpractice claim until a settlement was reached and Ms. Turner dismissed her suit. As a result of the settlement of Ms. Turner's claim, Mr. Russell collected a total of $160,000.00 in attorney fees based on a contingency fee agreement with Ms. Turner. During her handling of the action Ms. Gardner hired Dr. Harry Rein, M.D/J.D., to help her with the case. On September 25, 1998, Dr. Rein filed a petition of intervention seeking attorney fees and expenses for his work on Ms. Turner's case. A hearing was held on Dr. Rein's intervention on August 16, 1999, and he was awarded $10,000.00 in attorney fees for his work on the malpractice claim. Following the resolution of Dr. Rein's intervention, Ms. Gardner filed a petition of intervention seeking a portion of the attorney fees collected by Mr. Russell from Ms. Turner's case.

Following Ms. Gardner's intervention, Mr. Russell filed declinatory and peremptory exceptions arguing that Ms. Gardner's petition for intervention was filed too late, as the attorney fees collected by him had been disbursed from his trust account to himself and Dr. Rein. The trial court granted Mr. Russell's exceptions and dismissed Ms. Gardner's petition for intervention. In *Turner v. Dr. X*, 01-292 (La.App. 3 Cir. 6/6/01), 787 So.2d 622, we reversed the trial court's ruling and remanded the matter for a hearing on the merits.

A hearing on Ms. Gardner's petition for intervention was held on January 31, 2002. The trial judge issued his ruling on the day of the hearing and signed a judgment based on that ruling on March 19, 2002. The trial court held that there was no agreement to a fifty-fifty split of attorney fees between the parties, but that Ms. Gardner was entitled to attorney fees on a quantum meruit basis. He awarded Ms. Gardner $5,000.00 in attorney fees, minus $700.00 advanced to Ms. Gardner by Mr. Russell for the work she performed on Ms. Turner's case.

## DISCUSSION

Ms. Gardner claims the trial court erred in failing to find that an agreement existed between herself and Mr. Russell to split the attorney fees from the Turner case fifty-fifty. She also contends that the trial court erred in failing to award damages based on the doctrine of detrimental reliance and in ordering her to pay one-quarter of the costs of trial. Ms. Gardner also argues that the trial court's award of only $5,000.00 for attorney fees on a quantum meruit basis was an abuse of discretion.

The standard of review for courts of appeal is well established. In *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989), the supreme court stated:

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. . . . Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

Additionally, the supreme court has recognized the great discretion awarded a trial court's findings of fact. In *Sistler v. Liberty Mutual Insurance Co.*, 558 So.2d 1106, 1111 (La.1990) (citations omitted), the court further noted:

> Louisiana's three-tiered court system allocates the fact finding function to the trial courts. Due to that allocation and the trial court's

2

opportunity to evaluate live witnesses or to evaluate a mixture of deposition and live testimony, great deference is accorded to the trial court's factual findings. Where the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible. Consequently, on appellate review the trial court's reasonable factual findings, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed.

In its reasons for judgment the trial court expressly stated: "In considering the surrounding facts and the demeanor of the witnesses on the witness stand, I find that Mr. Russell's testimony is credible and Ms. Gardner's is not. Therefore, I find there was no contract." This is precisely the type of credibility determination for which the factfinder is given such great discretion, and that cannot be overturned on appeal absent clear and manifest error. Following our review of the record, we find no such showing of manifest error in this case. Ms. Gardner offered no proof of the alleged agreement other than her own testimony, which was contradicted by Mr. Russell and Mr. Charles Brandt, the other two individuals allegedly participating in the fee splitting agreement. The trial court chose to credit the testimony of Mr. Russell and Mr. Brandt over the testimony of Ms. Gardner. We cannot say it was manifestly erroneous in doing so. We affirm the trial court's finding that there was no agreement between the parties to split fees.

Despite its finding that there was no agreement to split fees, the trial court found that it was clear that Ms. Gardner did perform services for Ms. Turner, from which Ms. Turner benefitted, and for which Ms. Gardner is entitled to be compensated on a quantum meruit basis. The trial court noted that a number of factors are to be considered when determining a reasonable amount of compensation for an attorney's work on a case, citing skill and experience, whether Ms. Gardner had ever handled a medical malpractice case, and whether the matter limited her from handling other cases. We note there are a number of other factors to consider in determining a

3

reasonable amount to award Ms. Gardner for her work on this matter including the time and labor required, the difficulty of the issue, the skill required to perform the services, and the fee customarily charged for similar legal services, to name but a few.

It is clear from the record that Ms. Gardner spent a great deal of time meeting with Ms. Turner in preliminary interviews and consultations. Ms. Gardner also conducted the initial investigation of the matter, compiled extensive notes, performed a complete and thorough review of Ms. Turner's medical records, and investigated the effects of the drug methotrexate prior to her disbarment and referral of the case to Mr. Russell. Following her referral of the matter to Mr. Russell, Ms. Gardner claims she continued to work on the case as a paralegal at the request of both Mr. Russell and Ms. Turner. Mr. Russell did not contest this claim at trial. Mr. Russell also did not dispute the validity of the affidavit submitted by Ms. Gardner indicating the number of hours she spent on the Turner case, both as an attorney and as a paralegal. In that affidavit Ms. Gardner states that she spent 151.1 hours working as an attorney on the Turner case with an hourly billing rate of $125.00, and 22.3 hours working as a paralegal with an hourly billing rate of $25.00.

The hourly rates quoted by Ms. Gardner are reasonable and, based on the work hours claimed by Ms. Gardner in her affidavit, she would be entitled to $19,445.00. Even taking into consideration her relative inexperience with medical malpractice actions, we find an award of $5,000.00 in attorney fees based on quantum meruit to be unreasonable and an abuse of the trial court's discretion. Based on our review of the record, the minimum reasonable attorney fee award for Ms. Gardner's work on the Turner matter is $15,000.00. We amend the trial court's judgment granting attorney fees to Ms. Gardner based on quantum meruit and award her $15,000.00.

Ms. Gardner also claims that the trial court's assignment of one quarter of the

4

trial costs to her was an abuse of discretion. The trial court has great discretion in awarding costs and may render a judgment for costs against any party in an amount it considers equitable. La.Code Civ.P. art. 1920. We find no abuse of discretion in the trial court's assignment of costs in this matter.

Finally, Ms. Gardner contends that she is entitled to damages based on the doctrine of detrimental reliance. She claims her restitution payments were based upon recovery of the fees in the three cases taken over by Mr. Russell and Mr. Brandt. She alleges that Mr. Russell refused to pay her the money she was owed in attorney fees from the Turner case, knowing that she would be imprisoned for failing to make her first restitution payment.

In *Nicholas v. Allstate Ins. Co.*, 99-2522, p. 22 (La. 8/31/00), 765 So.2d 1017, 1031, the supreme court reiterated the necessary requirements for a finding of detrimental reliance: "In *Morris v. Friedman*, 94-2808 (La.11/27/95), 663 So.2d 19, 25, and cases cited therein, we recognized three elements required for the application of detrimental reliance: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance."

Ms. Gardner simply cannot show detrimental reliance in this situation. Her restitution schedule was imposed by the court. Furthermore, she cannot show that she "changed her position to her detriment" based on any reliance from Mr. Russell that she would receive attorney fees from the Turner matter. She was required to pay restitution as a result of her criminal conviction, and she would have had to pay restitution regardless of receiving money for her work on the Turner case. The trial court's denial of damages based on the theory of detrimental reliance is affirmed.

**DECREE**

5

We affirm the trial court's ruling that there was no agreement between Mr. Russell and Ms. Gardner to split the attorney fees obtained from the settlement of Ms. Turner's case. We find the trial court's award of $5,000.00 for attorney fees based on quantum meruit was an abuse of discretion and increase the award to $15,000.00, minus the $700.00 advanced to Ms. Gardner by Mr. Russell. All costs of this appeal are cast to Mr. Russell.

**AFFIRMED AS AMENDED.**