REVISED MAY 11, 2006

United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30319
_____

In re: In the Matter of the Complaint of CALM C'S INC., as Owner of CORKERN BOAT RENTALS, INC., and RISING C'S INC., as Operator of the M/V Bayou Princess for Exoneration from or Limitation of Liability


CALM C'S INC, Etc; ET AL,

                                        Petitioners,

versus

ROBERT SHAMBURGER; ET AL,

                                        Claimants

SAMUEL J. WILLIAMS, individually and on behalf of Samuel J. Williams, P.A.; JACOB J. MUNCH, individually and on behalf of Munch and Munch, P.A.; FRANK M. BUCK, JR., individually and on behalf of Frank M. Buck, Jr., PLC.
                                        Intervenor Plaintiffs-Appellants

versus

JEFFREY STRAIT

                                        Intervenor-Defendant

_____

Appeal from the United States District Court for
the Eastern District of Louisiana, New Orleans
(USDC No. 2:03-CV-160)
_____

Before REAVLEY, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal contests the district court's resolution of a contingency fee dispute between two sets of various Florida, Texas, and Louisiana attorneys arising from consecutive representation of Florida plaintiff, Jeffrey Strait, who was injured in a maritime accident that occurred in Louisiana. Three of Strait's former attorneys appeal the district court's limitation of their fee award to quantum meruit. Reviewing the district court's choice-of-law determination de novo and its allocation of attorneys fees for abuse of discretion, we affirm for the following reasons:

1.    We disagree with the parties that Louisiana's choice-of-law rules apply in this dispute. Because the district court was sitting in admiralty in the underlying limitation of liability action, in which all attorneys intervened for division of fees, federal maritime choice-of-law analysis is applicable. See Karim v. Finch Shipping Co., 374 F.3d 302, 308 (5th Cir. 2004) (stating that a limitation action is within the district court's admiralty jurisdiction); Karim v. Finch Shipping Co., 265 F.3d 258, 271 n.18 (5th Cir. 2001) (noting that "[f]ederal courts sitting in admiralty apply the admiralty choice-of-law analysis").

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2. We have recognized the following eight factors as governing the maritime choice-of-law analysis: (i) the place of the wrongful act; (ii) the flag of the vessel; (iii) the domicile of the seamen; (iv) the allegiance of the shipowner; (v) the place of contract; (vi) the accessibility of the foreign forum; (vii) the law of the forum; and (viii) the defendant's base of operations. See Gonzalez v. Naviera Neptuno A.A., 832 F.2d 876, 880 (5th Cir. 1987) (citing Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S. Ct. 1731 (1970), and Lauritzen v. Larsen, 345 U.S. 571, 73 S. Ct. 921 (1953)).

3. With respect to any contractual right of Louisiana attorney Frank Buck to receive a contingency share of the fees, the district court was not required to make a choice-of-law decision between Florida and Louisiana law because the states' relevant laws are the same. See R.R. Mgmt. Co., L.L.C. v. CFS Louisiana Midstream Co., 428 F.3d 214, 222 (5th Cir. 2005) (stating that where there are no differences between relevant substantive laws of respective states, there is no conflict and the court need not undertake choice-of-law analysis). Under the laws of both states, there cannot be a division of contingency fees by lawyers who are not included in a written, client-signed contingency fee contract. See F.S.A. Bar Rule 4-1.5(f); LA. RULES OF PROF. CONDUCT, Rule 1.5(c), LSA-R.S. foll. 37.221. Buck was not included in any fee contract signed by injured plaintiff, Jeffrey Strait.

3

4.  We find unavailing Buck's argument that, under Louisiana law, he is entitled to a 50-50 "joint venture" split on the basis of an oral fee agreement. The joint venture cases cited by Buck were decided under prior Louisiana professional rules, which did not require a written client-signed agreement to permit sharing of attorneys fees. Even if applicable, those cases concerned oral agreements between cooperating, rather than successive, attorneys. In this case, there was no agreement by the settling attorneys, Stern and Jacobs, to share fees with Buck or the other dismissed attorneys.

5.  We agree with the district court that Buck was dismissed for cause. Because Buck had no written contingent fee contract and because he cannot prevail on his joint venture theory, he was limited to recovery on a quantum meruit basis. The district court conducted a full evidentiary hearing on the issue of the amount of work Buck contributed to resolution of Strait's suit. The court awarded Buck the full amount he proved on an hourly basis, without reduction for any factors leading to his discharge. Accordingly, we find that the court did not abuse its discretion in allocating Buck $22,000 of the total fee.

6.  With respect to the original contracting Florida attorneys, Samuel Williams and Jacob Munch, we believe the Lauritzen-Rhoditis factors militate in favor of the application of Louisiana substantive law. Under Louisiana law,

4

because Williams and Munch abandoned their representation of Strait, their entitlement to a portion of the fee should have been determined by the factors set forth in <u>Saucier v. Hayes Dairy Products, Inc.</u>, 373 So. 2d 102 (La. 1978). While the district court's allocation of fees to Williams and Munch was based on hours and rates, the allocation can be justified under the <u>Saucier</u> factors. Therefore, even if the district court erred in characterizing its fee award to Williams and Munch as based on quantum meruit rather than the rule of <u>Saucier</u>, the error was harmless and we find no abuse of discretion in the allocation.

AFFIRMED.