# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30249
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2015

Lyle W. Cayce
Clerk

DAVID COREY,

 Plaintiff - Appellant

ARNOLD & ITKIN, L.L.P.,

 Appellant

v.

SALVADOR M. BROCATO, III; LIONEL H. SUTTON, III,

 Intervenors - Appellees

v.

DEEPWATER SPECIALISTS, INCORPORATED, ET AL

 Defendants

————

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 2:10-CV-3354

————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30249

Arnold & Itkin, L.L.P. ("Arnold & Itkin") appeals to this court from an award of attorneys' fees in *quantum meruit* to Salvador M. Brocato, III, and Lionel H. Sutton, III (collectively, "Intervenors"). Intervenors originally represented the plaintiff, David Corey, before the district court, but were discharged for cause before the case concluded. Arnold & Itkin represented Corey after he discharged Intervenors and ultimately reached a settlement with the defendants for $2,187,500. Intervenors sued for a portion of the final fee award, which totaled $875,000. A magistrate judge issued a final order and judgment awarding Intervenors 20% of the fee in *quantum meruit*. Arnold & Itkin timely appealed the award, claiming it violates Louisiana law and our precedent because its effect was to award Intervenors a contingency fee even though the magistrate judge found they had no contingency fee contract with Corey. After carefully reviewing the record and relevant law, we conclude that the magistrate judge did not clearly err in making the fee award to Intervenors and AFFIRM the final judgment.

I.

This dispute arose between Intervenors and Arnold & Itkin, after both groups of attorneys represented the plaintiff, David Corey, in his personal injury lawsuit. Intervenors represented Corey in the lawsuit underlying this dispute for two years, investigating his claim, filing a lawsuit, and performing discovery. Intervenors attended and defended Corey's deposition, although they only spent twenty-five minutes beforehand preparing him for it. During their representation, Intervenors did not take any depositions or formally hire any experts, although they spoke with certain parties about providing expert testimony in the case. Corey terminated Intervenors in September 2011, when trial was set to take place in March 2012.

No. 15-30249

The magistrate judge found Corey terminated Intervenors for cause because Corey was "dissatisfied" with the "[l]ittle work" they had performed on his case. This included failing to hire an investigator, inspect the platform on which Corey was injured, hire experts, or thoroughly prepare Corey for his deposition.[1] Weighing conflicting testimony, the magistrate judge found the Intervenors did not have a fee agreement with Corey. After Corey terminated the Intervenors, he retained Arnold & Itkin, which represented him for two years and successfully obtained a settlement for $2,187,500. Intervenors intervened in the suit, seeking a share in the $875,000 total available for attorneys' fees. Arnold & Itkin and Intervenors conducted discovery, deposed Corey, and submitted briefing on the issue of attorneys' fees. The magistrate judge held an evidentiary hearing and considered the pre- and post-hearing briefing and exhibits submitted by the attorneys, then issued an order and final judgment awarding Intervenors 20% of the $875,000 in attorneys' fees. The magistrate judge found Intervenors were entitled to this amount in *quantum meruit*, since they had no contingency fee agreement with Corey. Arnold & Itkin timely appealed and now seeks to reverse or reduce this award.

II.

The district court had federal question jurisdiction over this case under 28 U.S.C. § 1331. Since the parties consented[2] to proceed to final judgment

---

[1] Arnold & Itkin makes much of these findings regarding Intervenors' deficiencies, arguing they show the magistrate judge erred in awarding Intervenors any more than about $8,750 in fees. We note that the magistrate judge listed these facts in explaining why he credited Corey's testimony that Corey discharged Intervenors for cause. It is evident from the record that the magistrate judge considered the totality of Intervenors' performance in determining a reasonable fee, including other positive contributions also acknowledged by the magistrate judge.

[2] The district court found that, despite the absence of express written consent, the parties consent to try this matter before the magistrate judge. The parties did not challenge this finding in the district court or before this court.

No. 15-30249

before a magistrate judge, we have jurisdiction over this appeal directly from that final judgment.  *See* 28 U.S.C. §§ 636(c), 1291.

Arnold & Itkin argues the magistrate judge erred in awarding Intervenors 20% of the fee, claiming this award constitutes an illegal contingency fee accorded to lawyers without a contingency fee agreement. Arnold & Itkin contends that Intervenors are solely entitled to recover for the work they performed based on calculations of their hourly work in *quantum meruit*, which they assert would result in a much smaller award.  Arnold & Itkin also argues the magistrate judge erred by failing to reduce the final award by some amount to account for Intervenors' for-cause discharge.  In the alternative, Arnold & Itkin claims this court should exercise its power to grant remittitur and reduce the award to $8,750 or less because they aver the current award is "clearly excessive."

We review the magistrate judge's assessment of the value of Intervenors' work and the corresponding fee award for clear error.  *See City of Alexandria v. Brown*, 740 F.3d 339, 352 (5th Cir. 2014).[3]  Clear error review of a fee award presents a "high barrier."  *Id.*  "A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 403 (5th Cir. 2013) (citation omitted); *see also Brown*, 740 F.3d at

---

[3]  Arnold & Itkin argues we should review the fee award de novo because the magistrate judge purportedly used the wrong legal standards improperly awarded Intervenors contingency fees.  Since we conclude that the magistrate judge correctly applied the proper factors in determining the value of Intervenors' work, we reject this attempt "to do an end-run around the high barrier presented by clear error review."  *Brown*, 740 F.3d at 352–53.

No. 15-30249

350–51. We review the magistrate judge's legal determinations de novo. *See Brown*, 740 F.3d at 350.

First, Arnold & Itkin asserts that the magistrate judge erred by awarding Intervenors fees formatted as a percentage of the total attorneys' fees, rather than by multiplying a reasonable rate times Intervenors' hourly work on the case in *quantum meruit*. This argument is misplaced. Although the magistrate judge awarded fees in percentage form rather than as a dollar figure, it is clear from the record that the magistrate judge arrived at an amount of reasonable fees using the set of factors considered by courts making *quantum meruit* determinations under Louisiana law.

The Louisiana Supreme Court has instructed courts to consider factors inspired by Rule 1.5(a) of the Louisiana Rules of Professional Conduct in arriving at reasonable fee awards in *quantum meruit*. These include:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Brown*, 740 F.3d at 358 (quoting *State, Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992)); *cf* LA. R. OF PROF'L CONDUCT 1.5(a) ("Rule 1.5(a)") (listing a similar set of factors); *Fowler v. Jordan*, 430 So. 2d 711, 715–16 (La. Ct. App. 1983) (applying these factors to determine the value of an attorney's services in *quantum meruit*). Courts applying Louisiana law utilize these factors to determine awards in *quantum meruit* when attorneys with contingency fee agreements have been discharged. This applies when attorneys are discharged either with or without cause, although courts must reduce the award of an attorney discharged for cause according to the "nature

5

and gravity of the cause which contributed to the dismissal." *O'Rourke v. Cairns*, 683 So. 2d 697, 703–04 (1996); *Saucier v. Hayes Dairy Products, Inc.*, 373 So. 2d 102, 118 (La. 1978), *on reh'g* (June 25, 1979); *see also Sims v. Selvage*, 499 So. 2d 325, 329 (La. Ct. App. 1986); *Turner v. Dr. X*, 878 So. 2d 696, 697, 699 (La. Ct. App. 2004). Additionally, courts may consider these "*Saucier* factors" in the *quantum meruit* analysis when seeking to determine the reasonable value of the service provided by an attorney who operated without a contingency fee agreement. *See Brown*, 740 F.3d at 352 ("[T]he *Saucier* framework and *quantum meruit* analysis apply essentially the same factors to determine the contributions a lawyer made to a particular case.").[4]

In this case, the magistrate judge found that Intervenors were discharged for cause without a contingency fee agreement and are therefore only entitled to recover in *quantum meruit*.[5] Noting the similarity between the *Saucier* factors and the test utilized to arrive at a reasonable award in *quantum meruit*, the magistrate judge acknowledged his responsibility to use the *Saucier* factors, or the factors listed in Rule 1.5(a) of the Rules of Professional Conduct, to determine a reasonable fee. The magistrate judge proceeded to reject the argument Arnold & Itkin now makes before this court:

---

[4] *See also O'Rourke*, 683 So. 2d at 702 (similar); *In re Calm C's Inc.*, 179 F. App'x 911, 913 (5th Cir. 2006) (affirming a district court's fee award that had utilized the *Saucier* factors to determine a reasonable fee in *quantum meruit*); *see also Smith v. Westside Transit Lines, Inc.*, 313 So. 2d 371, 378 (La. Ct. App. 1975) (observing that "[t]he phrase, quantum meruit, means as much as he deserved," which "encompasses far more than simply the hours spent by the attorney" on the case and includes "the ultimate results obtained" and the value of the attorney's work); LA. R. PROF'L CONDUCT 1.5(a) (listing "[t]he factors to be considered in determining the reasonableness of a fee").

[5] Intervenors do not challenge on appeal the magistrate judge's findings that they were discharged for cause and did not have a contingency fee agreement with Corey. We deem these issues abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

namely, that Intervenors deserve "none of the fee award," or at least $5,000 or less of that award," because their work had little to no value to Corey." However, the magistrate judge also rejected Intervenors' contention that they should be awarded over $400,000, or more than half of the total fee.

Instead, "[u]nconvinced by either party," the magistrate judge enumerated Intervenors' positive contributions and their value in advancing the case to its successful conclusion.  These included filing the lawsuit, participating in discovery, including initial disclosures, discovering three additional defendants through discovery and joining them to the suit, and defending Corey at his deposition, all of which "advanced the lawsuit to some degree."  Considering that work and comparing it to Arnold & Itkin's contribution, the magistrate judge found that Intervenors were entitled to 20% of the total fee award.

Given this analysis and the magistrate judge's acknowledgement of the standards he properly used to determine a reasonable fee in *quantum meruit*, we conclude the magistrate judge did not clearly err.  Awarding the fee as a percentage rather than as a dollar figure does not make it a contingency fee. Here it appears more in the nature of a proxy for the value of the work performed by Intervenors in the context of the entire case. We also conclude that the magistrate judge did not commit an error of law in calculating the award in *quantum meruit* according to the *Saucier* factors instead of listing the hours worked by Intervenors and multiplying those hours by a reasonable local rate.  Arnold & Itkin relies on one of our unpublished decisions to support this point of error, but that decision upheld an award calculated based *both* on hours worked *and* the *Saucier* factors.  *See In re Calm C's Inc.*, 179 F. App'x

7

911, 913 (5th Cir. 2006)[6] (affirming a district court's *quantum meruit* fee award for an attorney without a contingency fee agreement who was terminated for cause when the award was based on an analysis of the *Saucier* factors); *see also Fowler v. Jordan*, 430 So. 2d 711, 715–16 (La. Ct. App. 1983) ("Quantum meruit analysis cannot be reduced to the mere application of mathematical formulas . . . ."); *Smith v. Westside Transit Lines, Inc.*, 313 So. 2d 371, 378 (La. Ct. App. 1975) ("[T]he number of hours spent by appellant on the case would at best be a factor to be considered but does not alone determine the amount of the fee.").

We also find unconvincing Arnold & Itkin's argument that the magistrate judge committed an error of law by failing to discount the award due to Intervenors' for-cause discharge. Although the magistrate judge did not enumerate by what amount he discounted the fee award on this ground, *see O'Rourke*, 683 So. 2d at 703–04, he acknowledged his obligation to do so and stated: "The Court considers the nature and gravity of the cause which contributed to the dismissal and reduces by a percentage amount the portion discharged counsel otherwise would receive after the *Saucier* allocation." We have declined to reverse or reduce fee awards, even when appellants argue lower courts have applied "the wrong legal framework under Louisiana law," when the trial court did not clearly err in valuing attorneys' services. *Cf. id.* at 351–52. Intervenors have not shown the magistrate judge legally erred, and simply cannot overcome the "high barrier" of clear error review. *Brown*, 740 F.3d at 352. We discern no clear error in the magistrate judge's valuation of Intervenors' services or in the reasonableness of the fee awarded in this case.

---

[6] Although *Calm C's* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 15-30249

Finally, we decline Arnold & Itkin's invitation to find the award "clearly excessive" and reduce it to $8,750 or less. "Courts should not question the propriety of a fee unless it is clearly excessive," or "so grossly out of proportion with the fees charged for similar services by other attorneys in the locale as to constitute an unquestionable abuse of the attorney's professional responsibility to the public." *See Teche Bank & Trust Co. v. Willis*, 631 So. 2d 644, 647 (La. Ct. App. 1994) (citation omitted) (considering the reasonableness of a fee award pursuant to the factors in Rule 1.5(a)); *see also Sosa v. M/V Lago Izabal*, 736 F.2d 1028, 1035 (5th Cir. 1984). In granting Intervenors 20% of the total fee, the magistrate judge essentially considered and implicitly rejected the argument Arnold & Itkin has made throughout this litigation, that any fee over about $5,000 or $8,750 would be excessive. This determination is not against the preponderance of the credible evidence, and we will not disturb it. *See Mumfrey*, 719 F.3d at 403; *Brown*, 740 F.3d at 358.

AFFIRMED.