# IN THE SUPREME COURT OF THE STATE OF NEVADA

TOM GONZALES,
Appellant,
vs.
CAMPBELL & WILLIAMS,
Respondent.

No. 81318

FILED

OCT 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order granting a motion to adjudicate an attorney's lien. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Tom Gonzales argues that the district court committed various errors by adjudicating the lien. He argues that NRS 18.015, the attorney's lien statute, did not apply because he did not have an "independent agreement" with respondent law firm Campbell & Williams (C&W), and C&W's lien notice was defective because it did not state a dollar amount but only "a reasonable fee," so the district court erred by adjudicating it. He also argues that by calculating the fee as a percentage rather than a dollar amount the district court awarded C&W a contingency fee. He argues that doing so violated Nevada Rule of Professional Conduct 1.5, which requires a contingency-fee agreement to be in writing, because he had no such agreement with C&W.

*The lien*

Gonzales argues that the district court erred on two grounds by adjudicating the lien. First, he argues that he did not have a fee agreement with C&W, so the lien failed as a matter of law. Second, he argues that

21-30888

C&W failed to perfect the lien by specifying a dollar amount under NRS 18.015(3). The parties agree that both grounds present legal questions, which we review de novo. *Republic Silver State Disposal, Inc. v. Cash*, 136 Nev., Adv. Op. 88, 478 P.3d 362, 364 (2020).

*The lien was not invalid as a matter of law*

First, Gonzales argues that the lien statute, NRS 18.015, does not apply because he never placed this matter in C&W's hands by independently agreeing to pay C&W. He argues that an attorney must have "an agreed amount in a contract" with a client in order to claim a lien, so his mere knowledge of or consent to C&W's representation was insufficient. To support this argument, Gonzales cites *Harvey L. Lerer, Inc. v. Eighth Judicial District Court*, in which this court explained that NRS 18.015(1)(a) "contemplates a voluntary and independent agreement between the attorney and the client," as distinguished from the situation where a lawyer "is acting merely as the agent of another attorney." 111 Nev. 1165, 1169, 901 P.2d 643, 645 (1995).

C&W answers that the evidence demonstrates that Gonzales placed this matter in its hands. It also distinguishes the federal and foreign caselaw that *Lerer* cites, arguing that *Lerer* applies only to "purely inter-attorney disputes" where primary counsel has agreed to pay associated counsel. We agree.

NRS 18.015(1)(a) provides that an attorney has a lien on any matter that a client has "placed in the attorney's hands." Although Gonzales is correct that NRS 18.015(1)(a) "contemplates a voluntary and independent agreement between the attorney and the client," *Lerer*, 111 Nev. at 1169, 901 P.2d at 645, he overlooks a significant factual distinction between this case and *Lerer*. As C&W notes, the issue in *Lerer* arose from

a "purely inter-attorney dispute[ ]," 111 Nev. at 1168, 901 P.2d at 645, in which associated counsel "sought to hold [the clients'] recovery hostage in his fee dispute with [primary counsel]," *id.* at 1169, 901 P.2d at 646. Further, the foreign caselaw we cited in *Lerer* likewise addressed inter-attorney disputes in which primary counsel had agreed to pay associated counsel. But as Gonzales admits, his primary counsel had no such agreement with C&W and, as the district court found, Gonzales knew of and accepted the benefit of C&W's work on his behalf. *Id.* at 1168-69, 901 P.2d at 645. Because *Lerer* is inapplicable to these facts, Gonzales fails to show that C&W's lien failed as a matter of law.

*C&W did not fail to state the amount of the lien*

Second, Gonzales argues that the lien was defective because C&W failed to state a specific dollar amount.

C&W answers that it need not have stated a dollar amount because we expressly held so in *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 373 P.3d 103 (2016). C&W reasons that because NRS 18.015(2) provides that "the lien is for a reasonable fee" in the absence of an agreement, an attorney without an agreement may simply claim, as C&W did here, a "reasonable fee . . . under quantum meruit in an amount to be decided by" the district court. We agree.

We review statutory-interpretation issues de novo and will interpret a statute by its plain meaning unless, among other things, it is ambiguous. *Young v. Nev. Gaming Control Bd.*, 136 Nev., Adv. Op. 66, 473 P.3d 1034, 1036 (2020). "A word is ambiguous if it 'is subject to more than one reasonable interpretation.'" *Id.* (quoting *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007)).

Neither party argues that NRS 18.015 is ambiguous or that any other plain-meaning exception applies. Instead, they each offer a different plain-meaning interpretation. So the first issue for de novo review is whether both interpretations are reasonable.

NRS 18.015(2) provides that, "[i]n the absence of an agreement, the lien is for a reasonable fee." NRS 18.015(3) provides that "[a]n attorney perfects a lien" by serving written notice to the client "claiming the lien and stating the amount of the lien."

The potentially ambiguous language is "the amount of the lien" in NRS 18.015(3). Gonzales interprets it as requiring the attorney to state a numeric amount. Under that interpretation, an attorney with an agreement must state the agreed-upon amount, and an attorney without an agreement must state an amount that constitutes "a reasonable fee" under NRS 18.015(2). But C&W interprets that language to mean that in the absence of an agreement the attorney may simply claim "a reasonable fee" and leave the amount to the district court's discretion.

In *Golightly & Vannah*, we interpreted the language at issue here. 132 Nev. at 420, 373 P.3d at 106. Although the larger issue was whether providing a contingency percentage rather than a specific dollar amount satisfies NRS 18.015(3), we broadly held that "NRS 18.015(3) does not require the attorney to state an exact dollar amount." *Id.* We did not qualify our conclusion by specifying, as Gonzales argues, that a contingency percentage is an exception and in all other cases an attorney must specify a dollar amount. Instead, we simply repeated that "[t]he statute does not require a specific dollar amount." *Id.*

Given such an unequivocal interpretation, we conclude NRS 18.015(3) is not ambiguous, and we interpret it no differently in the absence

of a fee agreement. And, again, NRS 18.015(2) expressly addresses this situation, providing that, "[i]n the absence of an agreement, the lien is for a reasonable fee." So an attorney claiming a lien without an agreement may satisfy NRS 18.015(3) by claiming exactly that: "a reasonable fee." Because C&W's lien notice claimed a "reasonable fee . . . under quantum meruit in an amount to be decided by" the district court, it satisfied NRS 18.015(3), and the district court did not err by adjudicating the lien.

*The fee*

Gonzales also argues that awarding attorney fees to C&W was improper. He requests de novo review because, he argues, the issue requires interpreting Nevada Rule of Professional Conduct 1.5(c) and involves a legal error. He reasons that, because C&W moved the district court to calculate attorney fees as a *percentage* of his recovery instead of a *dollar amount*, and the district court did so, it awarded C&W a contingency fee. And he argues that because RPC 1.5(c) requires a written agreement for a contingency fee and he had no such agreement with C&W, the district court erred by awarding a contingency fee. Finally, he argues that the local (Las Vegas) custom of awarding a contingency fee to an attorney serving as local counsel, which the district court cited to support using a percentage to calculate a quantum-meruit fee in this case, is irrelevant in light of RPC 1.5(c), and that following the custom was erroneous.

C&W answers that the district court awarded a quantum-meruit fee and we should review for manifest abuse of discretion. It argues that the district court has discretion to calculate an attorney-fee award by any "rationally designed" method as long as it considers the factors we provided in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969). C&W also notes that we have held that the district court may

consider local customs, and that even RPC 1.5 lists "the fee customarily charged in the locality for similar legal services" among the factors to consider when determining whether a fee is reasonable. It argues that awarding a fee as a percentage does not make it a contingency fee, and cites federal caselaw addressing this precise issue, *Corey v. Brocato*, 626 Fed. App'x 480 (5th Cir. 2015). And it concludes that because the district court considered the *Brunzell* factors and other factors, including local custom—none of which Gonzales disputes—it did not manifestly abuse its discretion.

We generally review a district court's award of attorney fees for manifest abuse of discretion, but will review de novo if the issue involves a legal question. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). Although Gonzales frames the issue as a legal question and requests de novo review, he challenges the method by which the district court calculated attorney fees, which is discretionary. *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864, 124 P.3d 530, 549 (2005) (explaining that the district court "may begin with any method rationally designed to calculate a reasonable amount"); *see also Corey*, 626 Fed. App'x at 482 n.3 (rejecting appellant's "attempt to do an end-run around the high barrier presented by clear error review" by framing the percentage-based calculation as an erroneous contingency fee (internal quotation marks omitted)). Whatever the method the district court chooses, "the result will prove reasonable as long as the court provides sufficient reasoning and findings" under the *Brunzell* factors. *Shuette*, 121 Nev. at 865, 124 P.3d at 549. "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *Cotter v. Eighth Judicial Dist. Court*, 134 Nev. 247, 249, 416 P.3d 228, 232 (2018)

(quoting *State v. Eighth Judicial Dist. Court* (*Armstrong*), 127 Nev. 927, 932, 267 P.3d 777, 780 (2011)).

Although awarding a contingency fee without a written agreement would presumably be a clearly erroneous application of RPC 1.5(c), Gonzales fails to show that the district court awarded a contingency fee. He cites nothing supporting the proposition that calculating a fee as a percentage makes it a contingency fee, and the United States Court of Appeals for the Fifth Circuit has expressly and persuasively rejected that proposition. *Corey*, 626 Fed. App'x at 483 ("Awarding the fee as a percentage rather than as a dollar figure does not make it a contingency fee. Here it appears more in the nature of a proxy for the value of the work performed by [respondent attorneys] in the context of the entire case.").

Further, the district court found that C&W was not claiming a contingency fee but was entitled to a quantum-meruit fee. It determined an amount that it found reasonable by considering the locally customary fees that attorneys charge for similar work, and each of the *Brunzell* factors. Although calculating attorney fees as a percentage may be unconventional, doing so was within the district court's discretion. *See Corey*, 626 Fed. App'x at 482 (explaining that, although the district court calculated fees as a percentage of the settlement amount, "it is clear from the record that the magistrate judge arrived at an amount of reasonable fees using the set of factors considered by courts making *quantum meruit* determinations"). And, because Gonzales challenges the fees on no other grounds, he fails to show that the district court manifestly abused its discretion. *See id.* at 483 ("Given this analysis and the magistrate judge's acknowledgement of the standards he properly used to determine a reasonable fee in *quantum*

*meruit*, we conclude the magistrate judge did not clearly err."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

STIGLICH, J., dissenting:

I disagree with the majority's conclusions that *Lerer* does not apply to this matter and that calculating a *quantum meruit* fee as a percentage of a client's recovery is appropriate under these facts. In *Lerer*, primary counsel hired local co-counsel and they made an oral agreement for payment; the client was not involved in this agreement and did not directly hire local co-counsel. *Lerer*, 111 Nev. at 1167, 901 P.2d at 644. After primary counsel did not pay him, local co-counsel sought an attorney lien for a reasonable fee from the client's settlement recovery, pursuant to NRS 18.015. *Id.* This court concluded that "NRS 18.015 is inapplicable to purely inter-attorney disputes . . . which are not predicated on an attorney/client fee agreement," and therefore, local co-counsel could not seek payment from the client's recovery. *Id.* at 1168; 901 P.2d at 645.

Here, Gonzales's primary counsel hired C&W as local co-counsel, C&W did not obtain a fee agreement with primary counsel, and C&W did not discuss or obtain a fee agreement with Gonzales. The key distinction between *Lerer* and this matter is that the attorneys in *Lerer* finalized their fee agreement, while here C&W and primary counsel discussed but did not finalize a payment agreement. The majority concludes this distinction brings the matter outside of "purely inter-attorney disputes," and that it was therefore appropriate for the district court to award C&W a reasonable fee from Gonzales's settlement recovery, pursuant to NRS 18.015. I do not agree. In a matter like this, where primary counsel hired C&W as local co-counsel and C&W did not even attempt to form an "independent agreement" directly with Gonzales, this court's reasoning in *Lerer* should apply, requiring C&W to seek payment from primary counsel. *Lerer*, 111 Nev. at 1169, 901 P.2d at 645 (citing to cases explaining that "a lawyer cannot be allowed to hold unilaterally a 'client' liable for fees when that lawyer is acting merely as the agent of another attorney").

Furthermore, under these facts, I do not agree that calculating a "reasonable fee" based on a percentage of Gonzales's settlement recovery was appropriate, and I am not convinced that the district court's awarding of fees did not amount to an award of a contingency fee without a proper agreement under Nevada Rules of Professional Conduct 1.5(c).[1] Although

---

[1]The majority relies on *Corey v. Brocato*, 626 F. App'x 480 (5th Cir. 2015), to conclude the district court awarding C&W a percentage of Gonzales's recovery did not amount to awarding a contingency fee. However, this decision from the Fifth Circuit is unpublished, and the matter was based on Louisiana law.

it is clear that Gonzales reached a favorable outcome in the litigation, what is not clear is the role that C&W as local co-counsel played in obtaining that outcome to warrant the fee payment it received. C&W never made an agreement for fees with Gonzales, neither a contingency fee agreement nor an hourly fee agreement. When Gonzales learned that C&W was seeking an attorney lien, Gonzales offered to pay C&W the hourly rate for the 117.7 hours that C&W performed on his case. C&W did not accept Gonzales's offer. Instead, C&W requested the district court award it seven to ten percent of Gonzales's total recovery as a "reasonable fee," under NRS 18.015(2), ultimately resulting in an award of attorney fees to C&W that far exceeded any reasonable hourly rate. While C&W discussed working on Gonzales's matter on a contingency fee basis with primary counsel, there is no evidence that Gonzales agreed to or even knew about this arrangement. C&W stated in the notice of attorney lien that "C&W always expected and made clear it would be compensated for services rendered pursuant to a contingency fee agreement with the client," but then makes clear it never made such an agreement with Gonzales. If it was seeking a percentage of Gonzales's recovery, C&W should have confirmed this contingency fee agreement with Gonzales through a written agreement as required by RPC 1.5(c), not after settlement, in the form of a lien. To hold otherwise would allow an end run around RPC 1.5(c). Therefore, I respectfully dissent.



_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark R. Denton, District Judge
Jay Young, Settlement Judge
Law Offices of Mark Wray
Campbell & Williams
Pisanelli Bice, PLLC
Eighth District Court Clerk