134 Nev., Advance Opinion 32

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES J. COTTER, JR.,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF READING
INTERNATIONAL, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
and
MARGARET COTTER; ELLEN
COTTER; GUY ADAMS; EDWARD
KANE; DOUGLAS MCEACHERN;
WILLIAM GOULD; JUDY CODDING;
MICHAEL WROTNIAK; AND READING
INTERNATIONAL, INC.,
Real Parties in Interest.

No. 71267

FILED

MAY 03 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order requiring disclosure of certain documents.

*Petition granted.*

Morris Law Group and Steve L. Morris and Akke Levin, Las Vegas; Yurko, Salvesen & Remz, P.C., and Mark G. Krum, Boston, Massachusetts, for Petitioner.

Cohen Johnson Parker Edwards and H. Stan Johnson, Las Vegas; Quinn Emanuel Urquhart & Sullivan, LLP, and Marshall M. Searcy and Christopher Tayback, Los Angeles, California, for Real Parties in Interest Margaret Cotter, Ellen Cotter, Guy Adams, Edward Kane, Douglas McEachern, Judy Codding, and Michael Wrotniak.

18-16774

Greenberg Traurig, LLP, and Mark E. Ferrario, Kara B. Hendricks, and Tami D. Cowden, Las Vegas,
for Real Party in Interest Reading International, Inc.

Maupin, Cox & LeGoy and Donald A. Lattin and Carolyn K. Renner, Reno; Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhows, P.C., and Ekwan E. Rhow, Hernán D. Vera, and Shoshana E. Bannett, Los Angeles, California,
for Real Party in Interest William Gould.

BEFORE THE COURT EN BANC.[1]

## *OPINION*

By the Court, DOUGLAS, C.J.:

In this original petition for extraordinary relief, we consider whether documents disclosed to third parties constitute waiver of the work-product privilege. In considering this petition, we adopt the common interest rule that allows attorneys to share work product with third parties that have common interest in litigation without waiving the work-product privilege. Petitioner shared assertedly work-product material through emails with third parties who were intervening plaintiffs in the litigation, suing the same defendants on similar issues. Without reviewing the emails, the district court ruled that petitioner must disclose them based on his insufficient showing of common interest between him and the intervening plaintiffs. Because we conclude that petitioner and the intervening plaintiffs share common interest in litigation, the district court erred in

___

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

concluding otherwise. We therefore grant petitioner's petition for extraordinary relief and direct the district court to refrain from compelling disclosure of the emails before it conducts an *in camera* review of the emails to establish clear findings concerning the work-product privilege.

*FACTS AND PROCEDURAL HISTORY*

From approximately 2000 to 2014, petitioner James Cotter served as the CEO and Chairman of the Board of Directors of Reading International, Inc. (Reading). After Reading terminated petitioner, he filed a complaint in the district court alleging breach of fiduciary duty against the following members of the Board of Directors of Reading: Margaret Cotter, Ellen Cotter, Guy Adams, Edward Kane, Douglas McEachern, William Gould, Judy Codding, and Michael Wrotniak (collectively, real parties in interest). Numerous Reading shareholders (the intervening plaintiffs) filed a derivative action in the district court against real parties in interest, asserting breach of fiduciary duty. Similar to petitioner, the intervening plaintiffs included allegations concerning petitioner's termination and other related events. The district court consolidated the two actions.

During discovery, real parties in interest filed a motion to compel petitioner to produce a supplemental privilege log. The district court granted the motion and ordered petitioner to revise his privilege log and reserved a ruling on the production of any of the communications between the attorneys for petitioner and the intervening plaintiffs. Petitioner subsequently produced 350 communications, as well as a supplemental privilege log. The log labeled approximately 150 emails between Lewis Roca Rothgerber LLP, counsel for petitioner, and Robertson & Associates, counsel for the intervening plaintiffs, as work product. According to

petitioner, these emails, dated from August 2015 to June 2016, constituted work product because they contained mental impressions of matters related to the case.

Real parties in interest filed a motion to compel production of these emails, arguing that petitioner waived his claim of work-product protection by sharing these communications with the intervening plaintiffs. Real parties in interest also noted that there was no joint prosecution agreement or confidentiality agreement between the parties. The district court held oral arguments on the motion, though it did not conduct an *in camera* review of the emails. Ultimately, the district court determined that petitioner failed to show common interest between him and the intervening plaintiffs and, thus, ordered petitioner to produce the emails.[2] This petition for writ relief followed.

## DISCUSSION

Writ relief is an extraordinary remedy, available when the petitioner has "no plain, speedy and adequate remedy at law other than to petition this court." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995). This court may exercise its discretion to consider writ relief when presented with a situation where "the assertedly privileged information would irretrievably lose its confidential and privileged quality and petitioners would have no effective remedy, even by later appeal." *Id.* at 350-51, 891 P.2d at 1183-84. Furthermore, a writ of

---

[2]Approximately one week after the hearing on the motion to compel, petitioner filed an emergency motion for stay pending resolution of his writ petition, pursuant to NRAP 8 and 27(e). Later that same day, this court granted the emergency motion. *See Cotter v. Eighth Judicial Dist. Court*, Docket No. 71267 (Order Directing Answer and Granting Motion for Stay, Sept. 15, 2016). In light of this opinion, we lift this court's prior stay.

prohibition is a more appropriate remedy than mandamus to correct an order that compels the disclosure of privileged information. *See id.* at 350, 891 P.2d at 1183. Although this court rarely entertains writ petitions challenging pretrial discovery, "there are occasions where, in the absence of writ relief, the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions." *Id.* at 351, 891 P.2d at 1184.

In this case, without writ relief, compelled disclosure of petitioner's assertedly privileged communication will occur and petitioner would have no effective remedy, even by subsequent appeal. Accordingly, we exercise our jurisdiction to entertain this writ petition.

In considering this petition, discovery rulings are reviewed for an abuse of discretion. *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). In addition, when considering a writ petition, this court reviews legal questions de novo and "gives deference to the district court's findings of fact." *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 525, 262 P.3d 360, 365 (2011).

Petitioner asserts that the work-product privilege is applicable and that he did not waive the privilege because he shares common interest in litigation with the intervening plaintiffs. In response, real parties in interest claim that the district court correctly concluded that no common interest exists between petitioner and the intervening plaintiffs. We

SUPREME COURT
OF
NEVADA

(O) 1947A

5

conclude the district court erred and that common interest exists between petitioner and the intervening plaintiffs.

The work-product privilege "protects an attorney's mental impressions, conclusions, or legal theories concerning the litigation, as reflected in memoranda, correspondence, interviews, briefs, or in other tangible and intangible ways." *Wardleigh*, 111 Nev. at 357, 891 P.2d at 1188; *see also* NRCP 26(b)(3). Rather than protecting the confidential relationship between attorney and client, the work-product privilege exists "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) (emphasis omitted). Thus, "[u]nlike the attorney-client privilege, selective disclosure of work product to some, but not to others, is permitted," and disclosure to third parties does not automatically waive the privilege. *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 52, 399 P.3d 334, 349 (2017).

In particular, numerous jurisdictions have recognized a broad common interest rule, allowing attorneys to share work product with other counsel for clients with the same interest without waiving the privilege. *See, e.g.*, *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012); *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990); *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984); *Am. Tel. & Tel. Co.*, 642 F.2d at 1299. We take this opportunity to adopt the common interest rule as an exception to waiver of the work-product privilege.

For the common interest rule to apply, the "transferor and transferee [must] anticipate litigation against a common adversary on the same issue or issues" and "have strong common interests in sharing the

fruit of the trial preparation efforts." *Am. Tel. & Tel. Co.*, 642 F.2d at 1299. The rule is not narrowly limited to co-parties. *Id.* In addition, a written agreement is not required, and common interest "may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants or have common interests in litigation." *Gonzalez*, 669 F.3d at 979. However, waiver of the privilege is "usually found when the material is disclosed to an adversary." *Wynn Resorts*, 133 Nev., Adv. Op. 52, 399 P.3d at 349. As a result, disclosure to third parties will waive the privilege "when 'it has substantially increased the opportunities for potential adversaries to obtain the information.'" *Id.* (quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2024, at 532 (3d ed. 2010).

Here, the record demonstrates that petitioner and the intervening plaintiffs, whose actions were consolidated, were all shareholders of Reading and asserted derivative claims against real parties in interest. The intervening plaintiffs have never filed claims against petitioner in this case. It is also unlikely that the intervening plaintiffs would disclose the work-product material to the real parties in interest given that petitioner and the intervening plaintiffs filed similar claims against the real parties in interest. Thus, we conclude that petitioner and the intervening plaintiffs anticipated litigation against a common adversary—real parties in interest—on similar issues concerning breaches of fiduciary duty, and they shared a sufficiently strong common interest in litigation as a matter of law.

As a result, we conclude that the district court erred in ruling that petitioner must disclose the emails based on finding an insufficient

showing of common interest between him and the intervening plaintiffs. Accordingly, we grant petitioner's writ of prohibition and direct the clerk of this court to issue a writ instructing the district court to refrain from compelling disclosure of the emails until it reviews the emails *in camera* to evaluate whether they contain impressions, conclusions, opinions, and legal theories of counsel, as required pursuant to the work-product privilege.

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich