141 Nev., Advance Opinion 71

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE NEW YORK TIMES COMPANY;
CABLE NEWS NETWORK, INC.; THE
ASSOCIATED PRESS; NATIONAL
PUBLIC RADIO, INC.; WP COMPANY
LLC; REUTERS NEWS & MEDIA INC.;
AND AMERICAN BROADCASTING
COMPANIES, INC.,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; THE HONORABLE DAVID
A. HARDY, DISTRICT JUDGE; AND
THE HONORABLE EDMUND
GORMAN, JR., PROBATE
COMMISSIONER,
Respondents,
  and
THE DOE 1 TRUST; AND DOES 1
THROUGH 9,
Real Parties in Interest.

No. 89347

FILED

DEC 23 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
  CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or, in the alternative, prohibition, challenging a district court order sealing records and closing all proceedings in a trust case.

*Petition granted.*

McLetchie Law and Margaret A. McLetchie and Leo S. Wolpert, Las Vegas, for Petitioners.

25- 55929

Brownstein Hyatt Farber Schreck, LLP, and Jordan T. Smith and Brianna Smith, Las Vegas; Solomon Dwiggins Freer & Steadman, Ltd., and Alexander G. LeVeque, Alan D. Freer, and Dana A. Dwiggins, Las Vegas, for Real Party in Interest Doe 9.

Snell & Wilmer LLP and Kelly H. Dove, William E. Peterson, and Clark C. Knobel, Reno; Cravath, Swaine & Moore LLP and Gary A. Bornstein, Lauren A. Moskowitz, Vanessa A. Lavely, Justin C. Clarke, and Lauren M. Rosenberg, New York, New York, for Real Parties in Interest Does 3, 4, 5, 6, 7, and 8.

Maupin, Cox & LeGoy and Michaelle D. Rafferty, Rick R. Hsu, Christopher M. Stanko, and Michelle Mowry-Willems, Reno, for Real Party in Interest Doe 1.

Robison, Sharp, Sullivan & Brust and Kent. R. Robison, Reno, for Real Party in Interest Doe 2.

Holland & Hart LLP and Abraham G. Smith and Lauren D. Wigginton, Las Vegas; American Civil Liberties Union of Nevada and Jacob Smith, North Las Vegas, for Amicus Curiae American Civil Liberties Union of Nevada.

---

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, CADISH, J.:

Relying on statutes that permit the sealing and redaction of certain documents in trust proceedings, the district court ordered nearly all

---

[1]The Honorable James W. Hardesty, Senior Justice, was assigned to hear any and all matters related to this case in place of the Honorable Linda Marie Bell, Justice.

SUPREME COURT
OF
NEVADA

(O) 1947A

documents in the underlying case sealed and closed the proceedings. The court concluded that the statutes granted real parties in interest a right to keep the information confidential and found that it could not protect that information from disclosure unless it closed all proceedings. Applying the experience and logic test from *Falconi v. Eighth Judicial District Court*, 140 Nev., Adv. Op. 8, 543 P.3d 92, *cert. denied, Minter v. Falconi*, ___ U.S. ___, 145 S. Ct. 445 (2024), the district court determined that the First Amendment right of access does not extend to trust proceedings. Alternatively, it reasoned that even if such a right applied, the combination of statutory protections and real parties in interest's heightened privacy and security concerns due to their public profiles constituted a compelling interest justifying sealing and closure.

While the district court pointed to statutory authority and privacy and security concerns, its decision to broadly seal the record and close the proceedings exceeds the scope permitted by Nevada law. The district court erred by interpreting and applying the governing statutes, NRS 164.041 and NRS 669A.256, in a way that is much more restrictive of public access than those statutes contemplate and disregards established principles of openness of court proceedings. Although the statutes allow for provisional sealing of certain documents, they also vest the district court with discretion to determine whether continued sealing is compatible with public access principles. Moreover, the district court's finding that real parties in interest had a compelling interest warranting the sealing of all documents and closure of all proceedings lacks support, as the statutes' classification of certain documents as "confidential" does not, by itself, establish a compelling privacy interest. Because the court did not make the necessary, nonspeculative factual findings to support a significant privacy

interest or a substantial probability of harm absent sealing and closure, we grant the petitioner media outlets' petition for a writ of mandamus.

## FACTS AND PROCEDURAL HISTORY

Doe 1's trust is domiciled in Nevada, and its trustee is a Nevada family trust company under NRS Chapter 669A. Doe 1 filed a verified petition asking the district court to assume jurisdiction over the trust and to seal confidential information under NRS 164.041 and NRS 669A.256. In January 2024, the district court sealed the entire court file, including concealing the very existence of the case, and closed all hearings to the public, reasoning that the documents filed in the proceedings, and the proceedings themselves, would reveal confidential personal, financial, and business information of the Doe 1 Trust and its beneficiaries. After receiving media inquiries, the court made limited information about the case available to the public on the court website, including the existence of the case; the case name, number, and type; a notation indicating that the case is sealed; and an index of filed documents organized by filing date and document code. However, the parties' names were concealed by Doe designations.

Weeks later, this court decided *Falconi*, in which we held that civil proceedings, and family court proceedings specifically, are presumptively open to the public under the First Amendment. 140 Nev., Adv. Op. 8, 543 P.3d 92. We determined that NRS 125.080 and certain local court rules, which applied to either automatically close divorce proceedings or require closure and sealing of documents on a party's request, were unconstitutional. *Id.* at 100. We reasoned that the statute and rules improperly prevented the district court from exercising discretion to determine whether compelling privacy interests warrant closure and outweigh the First Amendment presumption of public access. *Id.* We later

clarified in *Nester v. Eighth Judicial District Court* that the presumption of access under the First Amendment does not preclude the district court from considering closure; rather, the district court must determine on a case-by-case basis whether compelling reasons support closure and overcome the presumption of access. 141 Nev., Adv. Op. 4, 562 P.3d 1071, 1077 (2025).

In September 2024, the Access Coalition (consisting of several press outlets) moved to intervene in the trust case "for the limited purpose of seeking access to court proceedings and the unsealing of, and access to, court records and filings." Several Coalition members had already published articles about the case, stating that Rupert Murdoch was purportedly seeking to amend a family trust to shift who will have control over it after his death and thus maintain control over its holdings in major media outlets that prominently address political and business issues. The Coalition argued that the First Amendment presumption of access required the district court to open the records and proceedings. It challenged the district court's January 2024 decision to seal records and close proceedings, arguing that the court failed to make findings supporting the proposition that the Does' legitimate privacy interests outweighed the public interest in access.

Several Does opposed, arguing that the constitutional right of access did not apply to equitable trust proceedings because they were not historically open to the public and their openness is not necessary to the judicial system under the experience and logic test. Doe 9 contended that because the constitutional presumption of access did not attach, the legislature was free to balance the public's and litigants' respective rights through legislation. Doe 9 argued that even if the First Amendment presumption applied and triggered strict scrutiny, the compelling privacy,

Supreme Court
OF
Nevada

(O) 1947A

competitive, and safety interests here outweighed the limited public interest in a private trust matter.

The probate commissioner recommended that the district court allow the Coalition to intervene but deny the motion for access, and the district court entered an order enforcing the probate commissioner's recommendation on the same day.[2] As to sealing records, the district court found that "together, NRS 164.041 and NRS 669A.256 provide (though not expressly) for the sealing of all papers filed in this case" because it could not "discern any document in the record that is exclusive of" the categories of confidential documents listed in the statutes. The district court also deemed confidential the Trust's personal, financial, and business information—even if that information was not expressly covered by the statutes—because "this information is traditionally and properly within the domain of a settlor or beneficiary's private, personal life rather than the domain of public life" and carried only minimal public interest beyond curiosity. It further concluded that the statutes were "tailored to protect . . . important, even compelling, privacy interests," including preventing identity theft, fraud, disruption of the trustee's business, and public embarrassment. The district court acknowledged its authority to unseal records for cause but held that the public's general interest in the case did not meet that standard. It also found that the statutes left it without discretion to consider redaction as an alternative to sealing. The

---

[2]Though the district court did not make independent findings, the district court entered an order immediately enforcing the probate commissioner's recommendation, containing findings of fact and conclusions of law. The probate commissioner's recommendation thus became the district court's order; accordingly, we attribute these findings to the district court.

order authorized release of the names of the judges, attorneys, and parties who were not settlors or beneficiaries but maintained the seal on all other records.

As to the closure of hearings, the district court concluded that *Falconi* did not apply because the First Amendment presumption of access did not attach to trust proceedings under the experience and logic test. The court referenced the historical use of secret proceedings in courts of equity, then applied the common law presumption of access by weighing the public's interest in open trust proceedings against the Does' asserted privacy interests. The court determined that the same confidentiality concerns that applied in sealing documents applied in closing court proceedings and that the statutes' confidentiality provisions could not be complied with if the proceedings were open. The district court further found that the parties warrant additional security measures due to their fame. As to alternatives to closure, the court found that "[c]ertainly, additional court security measures can partially mollify these risks, but closure of hearings is another tool this court can employ to ensure these parties' safe access to the courthouse." The Coalition petitions this court for a writ of mandamus.[3]

## *DISCUSSION*

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Scarbo v. Eighth Jud. Dist. Ct.*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009) (internal quotation marks omitted); *see* NRS 34.160. We have previously equated a "manifest abuse of discretion" with

---

[3]While the Coalition alternatively seeks a writ of prohibition, prohibition is not an appropriate remedy here because the issue does not concern the district court's jurisdiction.

"[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (alteration in original) (internal quotation marks omitted).

The interpretation of NRS 164.041 and NRS 669A.256 raises important and novel legal issues and resolving them now will promote consistency in how district courts apply these provisions in trust proceedings, thereby advancing judicial efficiency. *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 95 (observing that "the scope of the press's and public's access to courts is an important issue of law, as well as a substantial issue of public policy, warranting our extraordinary consideration"). The Coalition does not have an adequate and speedy legal remedy if we decline to entertain its petition, as the district court immediately entered an order enforcing the probate commissioner's recommendation and it is unclear whether the Coalition would have standing to directly appeal from a judgment on the merits of the case.[4] *Id.* (recognizing "that direct appellate review is often not available to the press, and thus" writ relief may be necessary to remedy a denial of court access).

The specific proceedings to which the Coalition sought access are now complete. Further, we note that the parties have settled the underlying trust case in the district court and an order of dismissal was

---

[4]Under the circumstances presented here—with the district court entering an order immediately enforcing the probate commissioner's recommendation and the Coalition being denied access to evidentiary proceedings that were scheduled to occur before the period of review expired under WDCR 57.3(7)—we exercise our discretion to entertain the petition, notwithstanding that the Coalition did not file an objection in the district court before seeking writ relief.

apparently entered on September 19, 2025.[5] However, we hereby deny Doe 1 and Doe 9's motion to dismiss as moot based on the settlement, as disputes over public access "happen frequently but evade review because closed hearings often will have already occurred while the party denied access to the court challenges the closure of the hearing." *Id.* & n.5 (determining that the issue of public access was not moot—even though the family court hearing to which the petitioner sought access had already occurred— because the capable-of-repetition-yet-evading-review exception applied). Though the Coalition sought contemporaneous access to those proceedings, "[t]he public's right of access extends beyond simply the ability to attend open court proceedings" and encompasses "a pervasive common law right to inspect and copy . . . judicial records and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal quotation marks omitted); *see also Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 931-33 (6th Cir. 2025) (applying the common law right of access where a press entity sought access to sealed documents two years after the parties entered a class-action settlement resolving the case). In accordance with that right, the district court could still grant the Coalition's requested relief by providing access to court filings and hearing transcripts, if appropriate. Therefore, we exercise our discretion to consider this petition.

*The district court misapplied NRS 164.041 and NRS 669A.256*

NRS 164.041 and NRS 669A.256 both address sealing records in trust proceedings. NRS 164.041(1) provides that

> [c]onfidential information relating to trusts that is
> contained in petitions and subsequent related

---

[5]We also note that the limited information about the case that was made available in response to media inquiries, including the existence of the case, is no longer accessible on the district court's website.

findings under this title or title 12 of NRS may be redacted and filed under seal without a prior court order so long as the unredacted and complete copies of such petitions and filings are promptly provided to the court in camera and to all persons entitled to notice thereto.

NRS 164.041(4) designates several categories of documents and information as "confidential information," including "[t]rust instruments, inventories, accountings and reports; . . . names and addresses of trust settlors and beneficiaries; . . . [t]rust dispositive terms, . . . [c]orporate and company records relating to trusts; . . . [p]ersonally identifying information," as well as "[a]ny other information the court deems confidential, if the interest in protecting the confidentiality of the information outweighs the public interest in accessing such information." NRS 164.041(2) directs that

[u]nless the court orders otherwise, confidential information once redacted or filed under seal must be redacted and filed under seal without a prior court order in all subsequent filings and orders in the matter relating to the petition, and unredacted and complete copies of such filings and orders must be promptly provided in camera to the court and to all persons entitled to copies thereto, as appropriate.

Lastly, NRS 164.041(3) provides that none of the foregoing statutory provisions "shall be construed to abridge the power of any court of competent jurisdiction to order the production of unredacted and complete copies of" previously redacted or sealed documents "to an interested person, as defined in NRS 132.185, or to other persons for cause shown."

NRS 669A.256(1) similarly provides that a trust party "may petition the court to order [certain] trust documents to be sealed." NRS 669A.256(2) establishes that any documents sealed under "subsection 1



may not be made part of the public record but are available to . . . interested parties as the court may order upon a showing of good cause."

This court reviews de novo questions of statutory interpretation. *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017). Here, the district court concluded that "the right to seal information under NRS 164.041 belongs to the parties without petitioning the court" and that together, NRS 164.041 and NRS 669A.256 provided for the sealing of all documents filed in this case. The district court then concluded that all hearings should remain closed because "allowing public or media access would compromise the confidential information protected by the sealing statutes." The Coalition contends that the district court misinterpreted the statutes by not recognizing that they permit judicial discretion and, as a result, failed to conduct the required analysis regarding public access. We agree as to both points.

With the enactment of NRS 164.041 and NRS 669A.256, the legislature designated certain categories of information confidential and created a statutory right to provisionally seal that information. However, the party seeking to keep those documents sealed must subsequently make a showing to support maintaining the records under seal, and the district court must promptly exercise its discretion to determine whether provisionally sealed records should remain sealed, be unsealed, or be redacted. *See UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd.*, 141 Nev., Adv. Op. 29, 570 P.3d 107, 127 (2025) ("The district court generally has discretion on its initial decision to seal."); *Howard v. State*, 128 Nev. 736, 744, 291 P.3d 137, 142 (2012) ("[T]his court retains supervisory power over its records and possesses inherent authority to deny public access when justified.").

Unlike the statute and rules held unconstitutional in *Falconi*, such discretion is inherent in the statutory design at issue here. NRS 164.041(1) allows a party to file documents containing confidential information under seal or with redactions and requires the party to provide unsealed and unredacted copies to the court to conduct the proper analysis consistent with the presumption of access. The statute does not mandate that the documents remain sealed after this provisional sealing; rather, NRS 164.041(2) states that *"[u]nless the court orders otherwise*, confidential information once redacted or filed under seal" must be redacted or sealed in all subsequent filings and records. (Emphasis added.) Thus, if the court determines that the documents sealed provisionally should remain sealed, only then must that information continue to be sealed in subsequent filings and orders. Even those documents may later be unsealed or unredacted if an interested party or member of the public petitions for access and the court determines that the interests asserted do not overcome the public's right of access in light of new arguments presented by the interested party or member of the public. *See* NRS 164.041(3); NRS 669A.256(2). Indeed, the legislative history supports the proposition that NRS 164.041 was intended to provide provisional sealing, with the understanding that the district court would subsequently review whether continued sealing is warranted. Hearing on S.B. 407 Before the Assemb. Judiciary Comm., 82nd Leg., (Nev., May 5, 2023) ("The district court under this section would still have discretion and final say regarding the privacy of information; it just provides an automatic and temporary confidentiality issue until the matter comes before the court." (testimony of Alan D. Freer, Co-Chair, Legislative Committee of the Probate and Trust Section, State Bar of Nevada)). Therefore, we conclude the district court erred in interpreting the statutes

to mandate sealing throughout the case without the exercise of judicial discretion.

We also conclude that the district court erred by determining that the statutes remove the district court's discretion to consider redaction instead of sealing. Although NRS 669A.256(1) and NRS 164.041(1) permit a party to request either provisional sealing *or* redaction, neither removes the court's discretion to deny sealing or to consider redaction as a less restrictive means of protecting privacy interests while respecting the public's right of access. Thus, the district court's interpretation does not comport with the plain language of the statute and conflicts with the basic principle that "[e]very court has supervisory power over its own records and files." *Howard*, 128 Nev. at 742, 291 P.3d at 141 (internal quotation marks omitted). While the Does argue that these statutes displace the common law right of access, our interpretation of the statutes as mandating the district court's analysis and discretion regarding the continued sealing or redaction of the documents is consistent with that right of access and thus does not abrogate the common law in this regard. *See First Fin. Bank v. Lane*, 130 Nev. 972, 978, 339 P.3d 1289, 1293 (2014) ("This court will not read a statute to abrogate the common law without clear legislative instruction do so.").

*The district court did not make the necessary factual findings to support the sealing of records and closure of proceedings*

The district court found that the statutes gave rise to a compelling interest in keeping certain information concealed from the public and that the public's interest in the information protected by the statutes was "*de minimis*, at best." We disagree.

The statutes at issue here do not automatically give rise to a compelling interest warranting the automatic and permanent sealing of

records and closure of proceedings; nor do they obviate the need to undertake the proper analysis. This court has long recognized that the public's common law right of access to judicial records may be limited only when "outweighed by a significant competing interest," and the burden rests with the party seeking to seal to show "sufficient grounds for denying access." *Howard*, 128 Nev. at 744, 291 P.3d at 142. To be sure, the public's interest in this case is not *de minimis* where that interest is grounded in a public right of access and Doe 1's trust controls a major, publicly traded, political news conglomerate. *See In re Est. of Hearst*, 136 Cal. Rptr. 821, 825 (Ct. App. 1977). The district court also unduly minimized the value of transparency through open court records and proceedings in maintaining public confidence in the judicial system, which has seen an unfortunate decline in recent years. *See* Benedict Vigers & Lydia Saad, *Americans Pass Judgment on Their Courts*, Gallup (Dec. 16, 2024), https://news.gallup.com/poll/653897/americans-pass-judgment-courts.aspx (explaining that the American public's confidence in the judiciary dropped to a record-low 35% in 2024); Shawn Patterson Jr. et al., *The Withering of Public Confidence in the Courts*, 108:1 Judicature 27 (2024) https://judicature.duke.edu/wp-content/uploads/sites/3/2024/07/ANNENBERG_Vol108No1_9.11.pdf (explaining 70% of respondents believe that courts in the U.S. favor wealthy litigants in surveys on the perception of bias in the judiciary).

On the other hand, the district court's generalized concerns about the "disruption of the trustee's business, and public embarrassment, among other malicious acts," without more, do not amount to a significant competing interest that justified the sealing of nearly every record and the closing of all proceedings. *Howard*, 128 Nev. at 747, 291 P.3d at 144 ("Although we can appreciate the desire to avoid unnecessary

embarrassment, that alone is insufficient to warrant sealing court records from public inspection."); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (noting that generalized concerns about a company's public image, embarrassment, reputational injury, or competition, without more, are insufficient to rebut the presumption of public access). The record contains no evidence of any specific malicious act, threat, or safety risk to the Doe parties, aside from a news story about a woman who was misidentified as Doe 1's wife and kidnapped for ransom 54 years ago. That unfortunate historical event bears no relation to the current litigation, nor does it show why this litigation must now be hidden from public view. *See Howard*, 128 Nev. at 744, 291 P.3d at 142 ("[T]he party seeking to seal a record or document carries the burden of demonstrating sufficient grounds for denying access.").

We recognize that trust proceedings may involve privacy and safety concerns that could present an interest sufficient to justify sealing or closure, given the sensitive nature of litigants' private lives. *Cf. Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 99 ("We acknowledge that there is an interest in protecting litigants' privacy rights in family law proceedings, as those proceedings apply wholly to their private lives."); *Kamakana*, 447 F.3d at 1179 (explaining that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets" (internal quotation marks omitted)). However, the district court must support any such measures with specific factual findings focused on the particular demonstrated significant interests of the involved parties rather than generalized concerns, as well as an explanation of how sealing will protect those interests more effectively than redaction or other, less restrictive alternatives. *See UnitedHealthCare*, 141 Nev., Adv. Op. 29, 570 P.3d at 128 ("In seeking writ relief, United speaks in only general and conclusory arguments that do not supersede our principles favoring public access to records."); *Hearst*, 136 Cal. Rptr. at 825-26 (remanding for the probate court to evaluate whether potential risks to the Hearst family members' lives and property were properly supported with evidence demonstrating a compelling interest in sealing the probate records); *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (holding that the lower court erred by categorically sealing documents and failing to evaluate all documents individually); *cf.* SRCR 3(4) (requiring, in most civil actions, court findings that "specific sealing or redaction is justified by *identified compelling privacy or safety interests* that outweigh the public interest in access to the court record" (emphasis added)).[6]

Moreover, the district court's very consideration of whether to seal records or close proceedings must be publicly known for the press or public to dispute it, if desired. *Cf. Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998) (explaining that "a court has the right

---

[6]We acknowledge, of course, the propriety of redacting personal identifying information of litigants, including home addresses, birth dates, social security numbers, bank account numbers, and the like to prevent threats to people and property as well as identity theft.

to temporarily seal access to court records pending a hearing," consistent with the First Amendment, but it must subsequently "provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives"); SRCR 3(3) (providing that "the court may conduct a hearing on a motion to seal or redact a court record" and "may also require that the movant provide notice to the general public"); SRCR 3(1) (requiring that a motion to seal or redact disclose in its title that sealing or redaction is being sought). And while NRS 164.041 allows for settlor and beneficiary names to be temporarily redacted and sealed, the names of the parties and the existence of the case should never remain hidden absent a demonstrated compelling need. *See, e.g., Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (holding that pseudonyms may be appropriate (1) "when identification creates a risk of retaliatory physical or mental harm," (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature," or (3) "when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution") (internal quotation marks omitted)); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("[T]he fact that Doe may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym."). So, we conclude that the district court erred because it did not promptly evaluate whether such a compelling need was shown to overcome the public's interest in knowing the Doe parties' identities and the existence of the case.

Because the district court closed all hearings to the public based on its misapplication of NRS 164.041 and NRS 669A.256, we conclude it also erred by closing all proceedings in this case. NRS 164.041 and NRS

669A.256 do not address closing proceedings but only the redaction and sealing of court filings, and the district court's blanket closure cannot be squared with the recognized right of access to court proceedings. *See Howard*, 128 Nev. at 740, 291 P.3d at 139 ("Openness and transparency are the cornerstones of an effective, functioning judicial system" and "[s]afeguarding those cornerstones requires public access . . . to judicial proceedings . . . ."). Courts have consistently applied the common law right of access to trust and probate proceedings and held that such proceedings are presumptively open. *See Hearst*, 136 Cal. Rptr. at 824-25 (explaining that "traditional Anglo-American jurisprudence distrusts secrecy in judicial proceedings and favors a policy of maximum public access to proceedings and records of judicial tribunals," including probate proceedings "involv[ing] a large estate with on-going long-term trusts which reputedly administer and control a major publishing empire"); *Est. of Campbell*, 106 P.3d 1096, 1097 (Haw. 2005) (determining that "a common law presumption of judicial openness accompanies probate proceedings, which may be overcome only upon a showing of strong countervailing reasons that outweigh the public's presumptive right of access to court proceedings and records"); *In re Est. of Zimmer*, 442 N.W.2d 578, 582 (Wis. Ct. App. 1989) (applying a common law right-of-access presumption to settlement agreement documents resolving a trust dispute after media members requested access). Such openness is "especially important in a state where citizens elect their judges because it ensures that the public has the necessary knowledge to serve as a check on

SUPREME COURT
OF
NEVADA

18

(O) 1947A

the judicial branch on election day." *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 98.[7]

Though the proceedings to which the Coalition sought access are now complete, the district court must review the hearing transcripts and documents in the court file. In doing so, it must consider arguments and evidence to determine whether there is a significant privacy interest to overcome the presumption of openness, warranting continued sealing, or whether redaction or another less restrictive alternative would adequately protect such demonstrated interests.

## CONCLUSION

NRS 164.041 and NRS 669A.256 allow for certain trust-related documents to be sealed provisionally, but the district court must still promptly conduct a proper analysis as to each document to determine whether demonstrated interests overcome the presumption of openness and warrant their continued closure. This includes making specific, nonspeculative findings to support any claimed privacy rights and giving due weight to the public's right of access to judicial proceedings and records. Accordingly, we grant the Access Coalition's petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate

---

[7]Given the district court's flawed statutory interpretation and our remand to properly evaluate the requested sealing of records and proceedings in light of the common law presumption of access, we need not address whether the First Amendment right of public access applies to the trust proceedings in this case. *Doe Dancer I v. La Fuente, Inc.*, 137 Nev. 20, 33, 481 P.3d 860, 872 (2021) (explaining that "when statutory language is susceptible of multiple interpretations, a court may shun an interpretation that raises serious constitutional doubts and instead may adopt an alternative that avoids those problems" (internal quotation marks omitted)).

its order enforcing the probate commissioner's recommendation and conduct the proper analysis with respect to each sealed document and hearing transcript. Finally, Doe 1 and Doe 9's motion to dismiss as moot is hereby denied for the reasons stated herein.

_____, J.
Cadish

We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Lee

_____, Sr. J.
Hardesty