142 Nev., Advance Opinion 8

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY BURNS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARIA GALL, DISTRICT JUDGE,
Respondents,
    and
JANE DOE,
Real Party in Interest.

No. 89998



FILED

JAN 29 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to preclude the plaintiff from proceeding under a pseudonym in a tort action.

*Petition denied.*

Hayes Wakayama Juan and Dale A. Hayes, Jr., and Liane K. Wakayama, Las Vegas; Chesnoff & Schonfeld and Richard A. Schonfeld, Las Vegas, for Petitioner.

Paul Padda Law, PLLC, and Paul S. Padda and Robert Kern, Las Vegas, for Real Party in Interest.

BEFORE THE SUPREME COURT, EN BANC.

26-04451

*OPINION*

By the Court, BELL, J.:

Petitioner Gregory Burns seeks to compel the district court to preclude Real Party in Interest Jane Doe from proceeding anonymously. In the underlying action, Doe, using a pseudonym, filed a complaint against Burns for sexual assault. Doe failed to seek permission from the court to proceed under a pseudonym. Two years later, Burns unsuccessfully moved the district court to prevent Doe from proceeding anonymously. When denying Burns's motion, the court also granted Doe's countermotion to continue litigation under a pseudonym. Burns now petitions this court to compel the district court to require Doe to proceed under her legal name.

The question raised here strikes at the core of the judicial function, implicating both the fundamental presumption of open proceedings and the countervailing necessity of protecting parties from harm that could chill access to the courts. Where anonymity is sought not to evade accountability but to preserve trust in the judicial process, the law requires a principled framework. We hold a party may proceed pseudonymously when that party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We conclude the district court did not manifestly abuse its discretion in permitting Doe to proceed under a pseudonym, and the petition for writ relief is denied.

*FACTUAL BACKGROUND*

Jane Doe commenced a lawsuit against Gregory Burns for sexual battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Doe alleged Burns sexually assaulted her two years earlier. Due to the sensitive nature of the

(O) 1947A

allegations, Doe filed the complaint under a pseudonym, although she failed to seek leave from the court to do so. Soon after, Burns initiated a defamation action against Doe in Pennsylvania, using Doe's legal name.

More than two years later, after unsuccessfully removing the sexual assault case to federal court and its remand back to state court, Burns filed a motion to require Doe to proceed under her legal name, which Doe opposed. Simultaneously, Doe filed a countermotion seeking to continue litigation under the pseudonym.

The district court granted the countermotion, acknowledging no prior order had authorized Doe's use of a pseudonym but observing that Burns had participated in the proceedings for more than twenty-seven months before challenging Doe's anonymity. Because Nevada law has not set any standard governing pseudonymous litigation, the district court looked to extrajurisdictional caselaw and was persuaded by the Ninth Circuit Court of Appeals' balancing framework in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), which it concluded weighed in favor of Doe in this matter. We now address Burns's petition for extraordinary relief challenging the district court's order permitting Doe to proceed pseudonymously.

## DISCUSSION

*We exercise our original jurisdiction to entertain the merits of this petition*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. "Mandamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted).

"A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *Cotter v. Eighth Jud. Dist. Ct.*, 134 Nev. 247, 249, 416 P.3d 228, 232 (2018) (quoting *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011)).

The petitioner bears the burden to demonstrate the extraordinary remedy of mandamus relief is warranted. *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Further, this court's decision to issue writ relief is purely discretionary. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus is generally issued only "if the petitioner has no plain, speedy and adequate remedy in the ordinary course of law." *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 122 Nev. 1298, 1301, 148 P.3d 790, 792 (2006) (citation modified); NRS 34.170. If that requirement is met, however, and the "writ petition presents an opportunity to clarify an important issue of law and doing so serves judicial economy, we may elect to consider the petition." *Canarelli v. Eighth Jud. Dist. Ct.*, 138 Nev. 104, 106, 506 P.3d 334, 337 (2022) (citing *Helfstein v. Eighth Jud. Dist. Ct.*, 131 Nev. 909, 912, 362 P.3d 91, 94 (2015)). "Similarly, writ relief may be appropriate where the petition presents a matter of first impression and considerations of judicial economy support its review." *Id.*

We exercise our discretion to entertain this writ petition for two reasons. First, Burns lacks a plain, speedy, and adequate legal remedy, and for that reason alone, the writ petition may be entertained. Second, while this court has resolved broader principles pertaining to openness in court proceedings and anonymity in litigation based on First Amendment grounds, it has not formally addressed when a district court may permit a

party to proceed anonymously. *See generally Falconi v. Eighth Jud. Dist. Ct.*, 140 Nev. 79, 543 P.3d 92 (2024) (applying the experience and logic test to hold that civil proceedings, specifically family court proceedings, are presumptively open to the public under the First Amendment), *cert. denied, Minter v. Falconi,* ___ U.S. ___, 145 S. Ct. 445 (2024); *N.Y. Times Co. v. Second Jud. Dist. Ct.*, 141 Nev., Adv. Op. 71, ___ P.3d ___, ___ (2025) (holding the district court improperly sealed records and closed all proceedings without addressing specific factual findings demonstrating a compelling need to overcome the public's right of access). Because this case raises a legal issue of first impression with statewide importance, we exercise our discretion to entertain the writ petition.

*The district court did not manifestly abuse its discretion when it applied the Ninth Circuit's balancing test to permit Doe's use of a pseudonym*

Burns contends the district court applied the wrong test when determining whether Doe could proceed in litigation under a pseudonym. Burns further argues the district court erroneously concluded Burns's delay in seeking relief weighed against his request, inaccurately shifted to Burns the burden of justifying why Doe should not proceed anonymously, and improperly overlooked Doe's prior public disclosures of her legal name. Burns concedes the district court rightfully characterized this case as one involving sensitive issues but asserts the court erred in relying on a broad balancing test articulated by the Ninth Circuit rather than applying a nonexhaustive, five-factor test identified by the Fourth Circuit Court of Appeals. *Compare Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), *and Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010), *with James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

The Ninth Circuit's decision in *Advanced Textile* addressed whether plaintiffs in a Fair Labor Standards Act action could proceed anonymously due to fears of retaliation. *Advanced Textile*, 214 F.3d at 1063. The court reversed a dismissal of the case, holding that anonymity was warranted under specific circumstances where plaintiffs demonstrated an objectively reasonable fear of severe retaliation. *Id.* The Ninth Circuit joined its "sister circuits . . . [to] hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In doing so, the court noted three situations where courts across the nation have permitted plaintiffs to use pseudonyms: "(1) when identification creates a risk of retaliatory physical or mental harm, . . . (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id.* (first quoting *James*, 6 F.3d at 238, and then quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

In a subsequent Ninth Circuit case, *Kamehameha Schools*, the court reiterated the overarching balancing test and synthesized factors expressed in *Advanced Textile*, to be applied as appropriate: "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." 596 F.3d at 1042 (citation modified).

By contrast, in *Jacobson*, the Fourth Circuit recognized that "the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." 6 F.3d at 242. The Fourth Circuit acknowledged whether to permit the use of a pseudonym was in the district court's discretion but noted five factors that may guide a district court's decision: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [(3)] the ages of the persons whose privacy interests are sought to be protected; [(4)] whether the action is against a governmental or private party; and, relatedly, [(5)] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* at 238. The *Jacobson* court was clear that this was a nonexhaustive list, and the listed considerations were drawn from other cases throughout the United States where courts have found anonymity to be appropriate. *Id.* at 238-39.

In evaluating the competing motions before it, the district court here was persuaded by the reasoning in *Advanced Textile* to balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." (quoting *Advanced Textile*, 214 F.3d at 1068). In its analysis, the district court also considered the public interest and stated it was "served more by protecting the identities of sexual assault victims so that future victims will be more willing to come forward." Ultimately, the district court concluded

Doe's need for anonymity outweighed the presumption of openness and any prejudice identified by Burns was negligible.

The district court's reliance on persuasive authority was not a manifest abuse of discretion. In the absence of binding precedent, the district court can "look to other jurisdictions for persuasive authority." *Porchia v. City of Las Vegas*, 138 Nev. 29, 33, 504 P.3d 515, 520 (2022). Where the law is silent, a district court does not abuse its discretion by adopting a reasonable position supported by persuasive authority. To the extent Burns claims the court's failure to follow another jurisdiction's test rises to a manifest abuse of discretion, Burns's arguments lack merit. Because no binding test existed, the effort by the district court to resolve the issue was well within its orbit of discretion.

*We adopt in part the Ninth Circuit's balancing test for determining whether a party may proceed under a pseudonym*

Nevada law permits or requires the use of fictitious names in specific circumstances. Rule 10(d) of the Nevada Rules of Civil Procedure provides that if the name of a defendant is unknown to the plaintiff, the defendant may be designated by a fictitious name. Once the defendant's true name is discovered, the plaintiff must promptly amend the pleading to substitute the actual name for the fictitious one. *Id.* Additionally, plaintiffs who were under the age of 16 and suffered personal or psychological injury due to appearing in visual presentations involving sexual conduct may request the use of a pseudonym in all court proceedings and records related to their case. Upon such a request, the court is required to ensure the pseudonym is used throughout the proceedings and records. NRS 41.1396(3). Similarly, victims of sexual offenses, offenses involving children, or sex trafficking have the option to use a pseudonym instead of their name in all files, records, and documents related to the offense. NRS

Supreme Court
of
Nevada

(O) 1947A

8

200.3772(1). Victims must file a form with the investigating law enforcement agency to elect this option, and the agency must substitute the pseudonym in its records and notify the prosecuting attorney. NRS 200.3772(3). Courts are then required to use the pseudonym in all legal proceedings concerning the offense. NRS 200.3772(4).

Nevada, though, has never articulated a comprehensive standard governing use of pseudonyms. While other jurisdictions use different iterations of a test for permitting the use of a pseudonym, generally courts consider the same basic question: whether a party's privacy right outweighs openness in judicial proceedings. *See, e.g., Unwitting Victim v. C.S.*, 47 P.3d 392, 396-99 (Kan. 2002) (discussing multiple cases addressing the use of pseudonyms); Deborah F. Buckman, Annotation, *Proceeding Under Pseudonym or Fictious Name in State Court*, 71 A.L.R. 7th Art. 4 § 2 (2022). As the district court here appears to have considered this underlying question before resolving the competing motions, we conclude writ relief is unnecessary. Nonetheless, because Nevada has never addressed this issue, we now provide guidance on the proper test for permitting the use of a pseudonym.

Examining other jurisdictions, we first observe that the Fourth Circuit's list of factors in *Jacobson* does not necessarily conflict with the Ninth Circuit's test as iterated in *Advanced Textile* and *Kamehameha Schools*. *Jacobson* merely adds factors. Similarly, the Second Circuit has adopted ten factors in its nonexhaustive list. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008). Further, the Fifth, Tenth, and Eleventh Circuits have articulated a slightly different overarching test but use similar factors. *See, e.g., Doe G v. Dep't of Corr.*, 410 P.3d 1156, 1163 (Wash. 2018) (quoting the Washington Court of Appeals' description

of the various tests used in the federal Courts of Appeals without adopting them); *see also Stegall*, 653 F.2d at 186; *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992). Those circuits hold that a plaintiff may litigate under a pseudonym when a substantial privacy right overcomes the customary and constitutionally rooted presumption of open courts. *Doe G*, 410 P.3d at 1163; *see, e.g., Frank*, 951 F.2d at 323. In contrast, the Ninth and Second Circuits ask whether a party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *See, e.g., Advanced Textile*, 214 F.3d at 1068; *Sealed Plaintiff*, 537 F.3d at 189. The Ninth Circuit's test specifically prescribes weighing prejudice, and we conclude that approach is sound.

We now hold a party may proceed pseudonymously when that party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Advanced Textile*, 214 F.3d at 1068. Courts should balance factors from the following nonexhaustive list: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schs.*, 596 F.3d at 1042 (citation modified).

Turning to the case before us, while the district court in this case may not have weighed every factor presented in *Kamehameha Schools*, it applied the overarching balancing test from *Advanced Textile*. The court found that allegations of sexual assault involve matters of extreme privacy and that the risk of severe embarrassment justifies anonymity. The court particularly weighed the importance of protecting Doe's dignity and

promoting an environment that makes others feel safe to come forward. On balance, the court found that Doe's interest in remaining anonymous overcame both the presumption of open proceedings and the speculative prejudice asserted by Burns. That decision reflects a careful and reasonable consideration of whether anonymity was appropriate and does not amount to a manifest abuse of discretion.

We further approve, for Nevada courts, the process identified by our western neighbor for permitting a party to proceed under a pseudonym. California requires court authorization to proceed under a fictitious name, "[u]nless a statute specifically allows a plaintiff to sue under a pseudonym." *Santa Ana Police Officers Ass'n v. City of Santa Ana*, 330 Cal. Rptr. 3d 407, 414 (Ct. App. 2025). Essentially, a party seeking to proceed anonymously must file their initial complaint or petition conditionally under a pseudonym and then move for an order granting permission to proceed pseudonymously, at which time the court should apply the above standard in determining whether to grant the requested relief. *Id.* (stating that "[b]efore a party to a civil action can be permitted to use a pseudonym, the trial court must conduct a hearing and apply [California's test for using a pseudonym]"). If the request is granted, the initial pleading may remain. If the request is denied, the pleading must be amended to state the party's legal name or dismissed.

*The district court did not improperly weigh the timing of Burns's motion*

In addition to concerns about the standard applied by the district court, Burns posits the district court erred in concluding that the timing of his motion counted against granting him relief. Burns argues that anonymity orders may be revisited throughout the litigation and that his delay in objecting should not be held against him.

Burns fundamentally misreads the district court's reasoning. The court explicitly stated that Doe's failure to request anonymity at the outset was "not outcome determinative, and that any delay in th[e] determination [wa]s caused as much by Defendant's failure to challenge the use of a pseudonym as it [wa]s by Plaintiff's failure to seek an order allowing it." The district court's analysis did not rest solely on the passage of time. Rather, it viewed the delay in context, noting that Burns had waited twenty-seven months before objecting, during which time the parties had fully engaged in litigation with Doe's identity protected.

The district court was persuaded by language found in *Kamehameha Schools* that the balancing test for anonymity applies "when the opposing party has objected." 596 F.3d at 1042. On that basis, the court found the burden rests with the objecting party to raise the issue, and it is not incumbent upon the court to decide sua sponte. *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 945 (D. Or. 2020).

We emphasize that it is the responsibility of the party wishing to proceed anonymously to seek leave of court before doing so. We also acknowledge that, at times, a court may overlook whether such leave has been sought or a litigant may fail to request it properly. In those circumstances, it becomes the opposing party's duty to object. We clarify that a litigant must challenge the use of a pseudonym and bring the issue to the district court's attention when the pseudonymous party has not obtained prior approval to proceed pseudonymously. Here, the district court was within its discretion to address the issue only after Burns raised it, and the court's consideration of delay was appropriately grounded.

*The district court did not erroneously shift the burden to Burns*

Burns avers the district court erroneously shifted the entire burden to him to justify why Doe should not proceed anonymously, and in doing so, ignored Doe's lack of evidence for the need of anonymity and focused instead on Burns's lack of evidence of prejudice. Burns claims the district court should have at least required Doe to produce an affidavit addressing her grounds for proceeding anonymously.

Burns's contentions are unavailing. The district court only required Burns to "come forward to identify some prejudice," which was appropriate and did not shift the burden entirely to Burns. In *Advanced Textile*, the court mentioned, "a party may preserve his or her anonymity . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." 214 F.3d at 1068. The court concluded that the defendants failed to sufficiently demonstrate any prejudice resulting from the plaintiffs' anonymity. *Id.* at 1072. Here, Burns, as the opposing party, did not identify and demonstrate any specific prejudice he faced if Doe was allowed to continue using a pseudonym. With an insufficient showing of prejudice from Burns, the court was left to apply only the portions of the balancing test concerning Doe's need for anonymity and the public interest.

The district court also ruled, under the facts of this particular case, Doe did not need to produce an affidavit testifying to any personal embarrassment because the sensitive nature of the allegations was evident. This idea is buttressed by Nevada law. In the criminal law context, under NRS 200.3772(1), "[a] victim of a sexual offense . . . may choose a pseudonym to be used instead of the victim's name on all files, records and documents pertaining to the sexual offense." The statute does not require any additional special showing of a privacy interest or confidentiality.



Given the nature of Doe's claims, the district court properly determined that no additional evidence was necessary to support Doe's request for anonymity. Under the facts of this case, the court's conclusion was supported by the record; however, in other cases the party wishing to proceed under a pseudonym may need to present additional evidence.

*Doe's prior public disclosures do not bar anonymity*

Lastly, Burns suggests the disclosure of Doe's legal name in the separate Pennsylvania lawsuit he filed precludes Doe from seeking anonymity here. Burns also claims Doe filed documents in this case divulging her legal name, and therefore the district court abused its discretion in allowing Doe to proceed under a pseudonym because her identity had already been disclosed.

These arguments fail because the district court found the previous disclosure in this case to be inadvertent and ordered the filing sealed to remedy the situation. The court further explained the inadvertent disclosure had no bearing on its analysis of whether to permit Doe to proceed under a pseudonym. We conclude that the district court's decision to seal the inadvertent filing from the present litigation and to proceed with the balancing test was reasonable. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 350, 455 P.2d 31, 33 (1969) ("We will not substitute our opinion for that of the trial court unless as a matter of law there has been an abuse of discretion."). As to the matter filed in Pennsylvania, Burns chose to file suit there and to disclose Doe's identity. That disclosure cannot be held against Doe, nor does it preclude Doe's anonymity here. Under these circumstances, there is no basis to conclude that the district court manifestly abused its discretion in allowing Doe to proceed under a pseudonym.

 

*Doe's request for sanctions is denied*

Doe seeks sanctions under NRAP 38, asserting that Burns has abused the appellate process by repeatedly filing writ petitions. Sanctions are imposed at our discretion, including when a case is brought for purposes of delay or constitutes an abuse of the appellate process. *See* NRAP 38. Sanctions may also be imposed after determining whether the issues raised on appeal or by petition lack merit or bear no arguable relevance to the case before us. *Martinez v. Martinez*, 140 Nev., Adv. Op. 73, 559 P.3d 863, 869 (2024).

Sanctions are not warranted here. Burns correctly notes the current petition presents a discrete issue unrelated to the subject of the single writ petition he filed earlier. We recognize writ petitions can be "quite disruptive to the orderly processing of civil cases," *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 362, 662 P.2d 1338, 1340 (1983), but Nevada law does not categorically prohibit multiple petitions for writ relief. Therefore, Doe's request for sanctions is denied.

## CONCLUSION

The district court did not manifestly abuse its discretion when it allowed Doe to proceed pseudonymously. The court applied a carefully reasoned balancing of competing interests, and its decision aligns with the standard we now adopt: a party may proceed under a pseudonym when the need for anonymity outweighs any prejudice to the opposing party and the public interest in disclosure. Under that standard, the district court appropriately recognized the sensitive nature of the allegations and the

absence of any meaningful prejudice. Its ruling reflects a thoughtful exercise of judicial discretion, and mandamus relief is unwarranted.

_____, J.
Bell

We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A

16